————o————

No. 5686.

**PHILIP DOLEY vs. HENRY P. DOLEY, ET ALS.**

Syllabus.

Where minors, both of whose parents are living, are made defendants in a partition proceeding of property wherein they are interested, they are properly represented by the father, who in such cases is dispensed from furnishing security, taking or subscribing an oath, having an inventory taken, or causing a mortgage to be inscribed against himself and the like. Nor is it necessary to appoint an under-tutor *ad hoc* unless the interest of the father is adverse to that of the minors. *R. C. C.*, 222.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 993,070, Hon. F. D. King, Judge.

B. Ory, for plaintiff and appellee.

A. D. Danziger, for defendant and appellant.

Moore and Faissoux, attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Certain minors, whose parents were both living were made defendants in a partition suit of property in which they were interested, they being cited and represented therein by their father. The matter presently before us is an appeal by the purchaser at the sale made to effect the partition from a judgment ordering him to comply with the adjudication.

The contention of the purchaser and the sole ground upon which he bases his refusal to comply with the adjudication, is that the minors were not properly represented and the sale was consequently null, because the father, never having taken or subscribed an oath as tutor, caused to be taken or recorded an inventory and no under-tutor having been appointed, could not stand in judgment for the minors.

The case is governed by **R. C. C.**, 222 and the precise point now before us was raised and considered in **Succession of Allen, 48 An., 1240**, where the Court said:

> "The pertinent provisions of the Code are, viz:
> " 'Property belonging to minors, both of whose parents are living, may be sold or mortgaged, and any other step may be taken affecting their interest, in the same manner and by pursuing the same forms as in case of minors represented by tutors, the father occupying the place and being clothed with the powers of a tutor.
> " 'An under-tutor **ad hoc** shall be appointed by the Court, contradictory with whom the proceedings shall be carried on. **R. C. C., 222.**'
> "The foregoing is a new article, first appearing in the Revised Civil Code of 1870; and its effect is merely to put the father—in case both the mother and father are living—in the place and stead of a tutor **pro hac vice.**
> "Or in the language of that article, 'the father (occupies) the place (and is) clothed with the powers of (a) tutor;' but he is not a tutor. The law empowers a father who is thus circumstanced to officiate in the legal proceedings leading up to a partition, to be effected through the instrumentality of a private sale, as though he were tutor for his minor children; but it does not say that he shall subscribe any oath, furnish any surety, take any inventory or cause any mortgage to be registered against himself as conditions precedent to his exercise of that function. It

simply clothes the father 'with the powers of the tutor;' and we are not authorized to extend, or by construction to enlarge its precepts.''

As to the concluding paragraph of **R. C. C., 222**, it clearly has reference to the appointment of an under-tutor in such cases only where the interest of the father may be adverse to that of the minors.

The lower Court properly ordered the purchaser to comply with the adjudication and its judgment must be affirmed.

The only matter before us is the legality of the sale; but in upholding it, we must not be understood as saying that the father is hereafter entitled to actual possession of the funds of the minors without first complying with the provisions of the Code, particularly **R. C C., 3350**; and the officer charged with the completion of the partition should, before proceeding thereto, require a strict observance of these provisions.

The judgment appealed from is affirmed.

Judgment affirmed.

Opinion and decree, December 9, 1912.